CLARK *v.* RUCKER.

HARDING L. CLARK v. WALLACE E. RUCKER AND WIFE, JEAN W. RUCKER.

(Filed 21 October, 1959.)

**1. Automobile § 25—**

The limitation of speed in the vicinity of a school house during school hours, effected by the posting of appropriate signs by the Highway Commission, does not affect the speed restrictions outside the time limited.

HIGGINS, J., not sitting.

APPEAL by defendants from *Campbell, J.,* May Term, 1959, of CALDWELL.

Plaintiff sought and was awarded compensation for damages done to his automobile in a collision with an automobile owned by defendant Wallace Rucker, driven by his wife, Jean Rucker.

The collision occurred 9 December 1958 on Highway 321 near Lenoir. Plaintiff's vehicle was, according to plaintiff's testimony, traveling southwardly at a speed of 35 to 40 m.p.h.; defendants' evidence tended to fix the speed in excess of 60 m.p.h.

Defendant's vehicle pulled from a parking area on plaintiff's right, immediately in front of plaintiff. The collision occurred not far from a schoolhouse and in an area in which the speed limit during school hours had been fixed (G.S. 20-141.1) at 35 m.p.h. by posted signs. The signs limited the speed restriction to school hours. The collision occurred after school hours.

The court charged the jury that the maximum speed limit was 55 m.p.h., and a speed in excess thereof would constitute negligence. He further charged: ". . . even if she were driving it at a speed less than fifty-five miles an hour, she nevertheless had to still drive it at a speed which was not greater than was reasonable and prudent under the conditions as they then existed." Defendant excepted to the charge, insisting that speed in excess of 35 m.p.h. was unlawful and negligent.

*Fate J. Beal for plaintiff, appellee.*
*Townsend and Todd for defendant, appellants.*

PER CURIAM. The Highway Commission may determine safe speeds on highways in proximity to schools. When conditions do not exist requiring a limitation of speed, the Commission is not required to impose restrictions. Here the posted signs fixed the time when the speed restriction was in force. The collision did not occur during that

period. It follows that a speed not in excess of 55 m.p.h. was not *per se* unlawful.

No error.

HIGGINS, J., not sitting.